IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffery D. Searer,                      Case No. 3:18 CV 1035

                Plaintiff,        ORDER ADOPTING
    -vs-                            <u>REPORT AND RECOMENDATION</u>

Commissioner of Social Security,      JUDGE JACK ZOUHARY

                Defendant.

Plaintiff Jeffery Searer seeks judicial review of an adverse social security decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Thomas Parker for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Parker recommends this Court affirm the Commissioner's decision denying Searer's claim for disability insurance benefits ("DIB") (Doc. 18 at 19).

This matter is now before this Court on Searer's Objection to the R&R (Doc. 19) and the Commissioner's Response (Doc. 20). This Court has reviewed the Magistrate Judge's findings *de novo* in accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C). For the reasons below, this Court adopts the R&R and denies the claim for benefits.

### BACKGROUND

The R&R accurately recites the relevant factual and procedural background, which this Court adopts (Doc. 18 at 1–10). Briefly, Searer, who was 44-years-old at the time of alleged onset, previously worked as a welder and machine operator and has a GED (Tr. 24–25, 268, 288). He

claims DIB based on "back problems, spinal stenosis, neck pain causing headaches, numbness in right arm, heart problems [stemming from a heart attack], anxiety attacks, and knee pain" (Tr. 304, 318).

## STANDARD OF REVIEW

In reviewing a denial of DIB, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)).

## DISCUSSION

Searer argues the ALJ failed to properly address whether his impairments met or equaled Listing 1.04C (Doc. 19 at 2). Judge Parker determined the ALJ's failure to expressly address Listing 1.04C was harmless because the ALJ implicitly determined Searer did not meet the requirements of Listing 1.04C and Searer failed to produce sufficient evidence that his impairments met or equaled the Listing (Doc. 18 at 18).

Under 20 C.F.R. § 404.1520(a)(4), the ALJ must complete a five-step process to determine whether a person is disabled. At step three, the ALJ must "consider the medical severity of [the applicant's] impairment(s). If [the applicant has] an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, [the ALJ] will find that

[the applicant] disabled." 20 C.F.R. § 404.1520(a)(4)(iii). The claimant bears the burden of showing that the impairment or combination of impairments meets all criteria set forth by the listing. *Evans v. Sec'y of H.H.S.*, 820 F.2d 161, 164 (6th Cir. 1987). The claimant may also qualify by showing that the impairment or combination of impairments is the "medical equivalent" of the listing. *Id.* This means the impairment is "at least equal in severity and duration to the criteria of any listed impairment." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 20 C.F.R. § 416.926(a); 20 C.F.R. § 404.1526(a)).

**Listing 1.04C**

Searer argues he produced sufficient evidence to show he met or equaled medical impairment Listing 1.04C for lumbar spinal stenosis (Doc. 19 at 2). To meet Listing 1.04C, a claimant must show the impairment results in "compromise of a nerve root . . . or the spinal cord," along with: (1) "lumbar spinal stenosis resulting in pseudoclaudication;" (2) "established by findings on appropriate medically acceptable imaging;" (3) "manifested by chronic nonradicular pain and weakness;" that (4) "result[s] in inability to ambulate effectively, as defined in 1.00B2b." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.04C.

Section 1.00B2b defines the fourth requirement -- the inability to ambulate effectively -- as "an extreme limitation of the ability to walk." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.00B2b(1). To be able to ambulate effectively, an individual must be able to "sustain[] a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living" and must be able to travel to and from work or school without assistance. *Id.* § 1.00B2b(2). Section 1.00B2b(2) sets forth a non-exhaustive list of examples of ineffective ambulation that includes "the inability to walk a block at a reasonable pace on rough or uneven surfaces." *Id.*

**Relevant Evidence**

Searer contends that he produced evidence sufficient to show he suffered from lumbar stenosis with neurogenic claudication. Searer was diagnosed with spinal stenosis by a physician in 2011 and a chiropractor in 2012 (Tr. 939, 545). He underwent medical imaging confirming the presence of stenosis (*see* Tr. 897, 543, 631, 763), and the treating physician's notes reveal Searer suffered from chronic pain (*see* Tr. 721, 545, 854).

However, the record before the ALJ contained only one piece of evidence relevant to Searer's alleged inability to ambulate effectively. Dr. Onamusi, the consultative examiner, assessed Searer in October 2016 (Tr. 971). He found Searer was "unable to squat and unable to walk on the heels and on the toes" (Tr. 984). Further, his report stated that Searer could not "walk a block at a reasonable pace on rough or uneven surfaces" (Tr. 980). As outlined above, the list of ineffective ambulation examples contained in Section 1.00B2b(2) expressly includes "the inability to walk a block at a reasonable pace on rough or uneven surfaces." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.00B2b(2).

As such, Searer presented sufficient evidence to raise a substantial question as to whether his impairment met Listing 1.04C, and the ALJ should have addressed Listing 1.04C. At issue is whether this error was harmless.

**The ALJ's Determination**

The ALJ "must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment." *Id.* at 415. Listings that clearly do not apply need not be addressed. *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013). But if the record "raise[s] a substantial question as to whether [the claimant] could qualify as disabled" under a certain listing,

that listing should be addressed. *Id.* (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir.1990)). When an ALJ fails to explain why a claimant's impairments do not meet a listing, the error is harmless **if** the claimant fails to produce sufficient evidence to show that his or her impairments met or equaled the listing. *See Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014).

Here, the ALJ found that Searer's history of lumbar stenosis, among other conditions, qualified as a "severe impairment" (Tr. 20), but further held that none of those impairments met or equaled the severity of any relevant listing (*id.*). Regarding spinal disorders under Listing 1.04, the ALJ expressly stated, "there is no evidence of nerve root compression characterized by neuro-anatomic distribution of pain with motor loss, sensory or reflex loss, and positive straight-leg raising testing (both sitting and supine) or spinal arachnoiditis" (*id.* at 21). This language directly tracks Listings 1.04A and 1.04B. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.04. The ALJ did not expressly address Listing 1.04C, but did state in the next sentence: "Furthermore, the claimant is not extremely limited in the ability to walk as required by 1.00B2b" (Tr. 21).

The ALJ erred by failing to explicitly address lumbar stenosis under Listing 1.04C. However, Judge Parker held this error to be harmless because: (1) the ALJ "implicitly" found Searer did not have an impairment(s) that met the ambulation limitation requirements of Listing 1.00B2b; and (2) Searer did not produce evidence sufficient to show his impairment(s) met or equaled the Listing (Doc. 18 at 18). This Court agrees.

The record indicated that Searer: could walk without assistance (Tr. 310–11); had no gait issues (*id.*); resolved his neurogenic claudication through surgery (Tr. 651); made improvements through physical therapy and exercise (Tr. 785); and was able to do household chores (Tr. 975), shop (*id.*), mow the lawn (Tr. 284), and fish (Tr. 285). The primary evidence supporting Searer's contention that he is unable to effectively ambulate -- Dr. Onamusi's report -- does not support such

5

a finding when fully evaluated. The report states that Searer can shop, travel without assistance, ambulate without a wheelchair or walker, use public transportation, and climb a few steps at a reasonable pace with the use of a single handrail (Tr. 980). Each of these activities support the ALJ's finding that Searer can ambulate effectively. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.00B2b(2).

Overall, the evidence Searer can ambulate effectively far outweighs the evidence that he cannot. The ALJ's findings that Searer does not meet the requirements of Section 1.00B2b are supported by substantial evidence and this Court will not disturb them. *Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986) ("The ALJ's findings of fact should not be disturbed unless we are persuaded that his findings are legally insufficient"). Searer "has not shown that his impairments met or medically equaled in severity any listed impairment." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014). Therefore, the ALJ's failure to explicitly state that Searer did not have an impairment or combination of impairments that met or equaled Listing 1.04C constitutes harmless error.

## CONCLUSION

Searer's Objection (Doc. 19) is overruled, and this Court adopts the R&R (Doc. 18) in its entirety. The Complaint (Doc. 1) is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 30, 2019